## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEADERONE FINANCIAL CORPORATION,

    Plaintiff,

    v.

KAREN ROBNETT & ROBNETT FARMS
LIMITED PARTNERSHIP,

    Defendants.

Case No. 25-2522-JAR-BGS

## MEMORANDUM AND ORDER GRANTING
## MOTION TO APPOINT NEXT FRIEND

This matter comes before the Court on Defendants' Motion to Appoint Scott Robnett as Next Friend for Karen Robnett. Doc. 34. The motion is brought under Federal Rule of Civil Procedure 17(c)(2), and Plaintiff does not oppose it. For the reasons below, the motion is granted.

Rule 17(c) governs representation of minors and incompetent persons in federal litigation. A general guardian, committee, conservator, or like fiduciary may sue or defend on behalf of an incompetent person. Fed. R. Civ. P. 17(c)(1). If an incompetent person lacks such a duly appointed representative, the person may sue by a next friend or guardian ad litem, and the Court "must appoint a guardian ad litem—or issue another appropriate order—to protect" an unrepresented incompetent person. *Id.* (c)(2). Appointment under Rule 17(c)(2) is within the Court's discretion, but the rule reflects the Court's obligation to ensure that a litigant who cannot protect her own interests is adequately protected. *See Allstate Ins. Co. v. Brown*, 920 F.2d 664, 772 (10th Cir. 1990); *Unum Life Ins. Co. of Am. v. Umdenstock*, 572 F. Supp. 3d 1119, 1122 (N.D. Okla. 2021).

In deciding whether Rule 17(c) protection is warranted, courts first look for "verifiable evidence of incompetence." *Beddow v. Rhodes*, No. 18-2442-JAR-TJJ, 2019 WL 6134474, at *3 (D. Kan. Nov. 19, 2019) (quoting *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012)). This may include

1

evidence from a court of record or public agency showing that the party has been adjudicated incompetent, or verifiable evidence from a mental-health professional showing that the party is being or has been treated for a condition that would render the party legally incompetent. *Id.* (quoting *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)).

Next-friend status is not automatic. The proposed next friend must (1) provide an adequate explanation—such as mental incompetence, inaccessibility, or other disability—why the real party in interest cannot appear on her own behalf, and (2) must show that he is truly dedicated to that person's best interests. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *Doe v. USD 259*, No. 22-1279-TC-ADM, 2023 WL 11872621, at *1 (D. Kan. Jan. 26, 2023). In evaluating whether Rule 17 protection is warranted, courts consider the person's functional ability to understand the nature and consequences of the litigation, communicate with counsel, and make informed litigation decisions. *See Cowan v. KVC Behav. Healthcare, Inc.*, No. 25-cv-04035-DDC-RES, 2026 WL 873860, at *2–3 (D. Kan. Mar. 31, 2026).

Defendants have made the required showing. The motion and supporting materials indicate that Ms. Robnett is 87 years old, that her health has rapidly declined, and that she is now in at-home, end-of-life hospice care. Doc. 34 at 2; Doc. 34-1 at ¶ 3. A physician statement further indicates that Ms. Robnett is incapacitated and unable to receive and evaluate information or communicate decisions to such an extent that she lacks capacity to manage her own health-care decisions. Doc. 34-2. Although that statement is directed to health-care decisions, it is consistent with Scott Robnett's declaration that Ms. Robnett is unable to adequately understand these proceedings or protect her interests in this litigation. Doc. 34-1 at ¶ 3. On this record, the Court finds that Rule 17(c)(2) protection is warranted.

The Court also finds that Scott Robnett is an appropriate next friend. He is Ms. Robnett's son, has played a primary role in her care, and has agreed to act in her best interests in this litigation,

2

including by communicating with counsel, reviewing pleadings and discovery, participating in litigation decisions, and acting in good faith and consistent with her interests. *Id.* ¶¶ 4-6. The declaration also states that Ms. Robnett's other children have been informed of the proposed appointment and consent to it. *Id.* ¶ 8.

Scott Robnett has disclosed that he holds a partnership interest in, and serves as general partner of, Robnett Farms Limited Partnership, which is also a defendant in this case. *Id.* ¶ 7. But the Court has no reason to believe that there is an actual conflict between his interests and Ms. Robnett's interests. To the contrary, Ms. Robnett and Robnett Farms are co-defendants asserting common defenses and aligned positions against the same plaintiff. The Court therefore finds no present conflict that would preclude appointment.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Appoint Scott Robnett as Next Friend for Karen Robnett, Doc. 34, is **GRANTED**. Scott Robnett is appointed as next friend for Karen Robnett for purposes of this litigation under Rule 17(c)(2).

**IT IS SO ORDERED**.

Dated June 9, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

3